## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARIO L. GORDON,**
**#05382-025**

    **Petitioner,**

  **vs.**         **Case No. 16-cv-0735-DRH**

**T.G. WERLICH,**

   **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner, currently incarcerated in the Greenville Federal Correctional Institute, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement with relation to a portion of his sentence based on a sentencing enhancement assessed for being a career offender. The petition was filed on June 30, 2016.

  Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is

not entitled to relief because his claim does not fall within the scope of § 2241, and the petition must be dismissed.

## BACKGROUND

On February 4, 2002, Gordon and a number of co-defendants were charged via a complaint with criminal offenses related to a cocaine trafficking and distribution ring (S.D. Ill., CM/ECF, Case No. 4:02-cr-40004-SMY-1, dkt. 1). Gordon's case ultimately proceeded to a jury trial and the jury returned a verdict of guilty on two counts related to his controlled substance activity (*Id.*, doc. 154). Following a presentence investigation report and briefs by both parties, Gordon was sentenced to the Bureau of Prisons ("BOP") for a term of 360 months on one count and 240 months on the other, to be served concurrently (*Id.* dkt. 184). Gordon pursued a direct appeal of his sentence, and around the same time his case was also remanded to the sentencing court for a review in light of Supreme Court precedent holding that the Sentencing Guidelines were advisory (*Id.*, dkt. 189, 244).

The sentencing court reaffirmed Gordon's sentence even after considering the advisory nature of the guidelines (*Id.*, doc. 244). Of pertinence, in its memorandum the sentencing court reaffirmed its classification of Gordon's prior robbery convictions as two distinct predicates under the career offender guideline (*Id.*, doc. 244 at 4-5 ("the Court remains persuaded that it properly determined that the two robberies were not related and were two separate offenses for

sentencing purposes...the Court specifically rejects defendant's renewed argument that it should consider his prior robbery convictions as one offense for purposes of calculating his criminal history category")).

In December 2007, Gordon filed his first § 2255 Petition challenging his sentence on numerous grounds including ineffective assistance of sentencing and appellate counsel, improper calculation of his status as a career offender, improper application of the guidelines as mandatory, and a reduction in sentence based on revised crack cocaine guidelines (*See* CM/ECF, S.D. Ill., Case No. 3:06-cv-01006-WDS, docs. 1, 5, 13). After the government responded, and Gordon replied, the district court issued a memorandum and order denying Gordon's requests (*Id.*, doc. 19). Gordon attempted to appeal the denial of his original § 2255 petition, but his appeal was dismissed for failure to pay the appropriate filing fee (*See* CM/ECF, 7th Cir., Case No. 10-2742, dkt. 13).

In June 2016, Gordon sought permission from the Seventh Circuit to file a subsequent § 2255 petition based upon the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S.Ct. 2551 (2015) (*See* 7th Cir., Case No. 16-2337, doc. 1). Gordon claimed that pursuant to the holding in *Johnson*, his sentence, pronounced in part under the career offender guideline, was unconstitutional (*Id.*). On June 20, 2016, a three judge panel of the Seventh Circuit issued an Order denying Gordon's application to file a successive § 2255 based upon *Johnson*. (*See id.*, doc. 6) In its order, the panel noted that Gordon could not qualify for relief under *Johnson* because he was not sentenced under

the provision of ACCA that was found to be constitutionally infirm (*Id.*, doc. 6) ("Gordon was not sentenced under the residual clause. His status as a career offender rests on two prior convictions for armed robbery in Illinois .  The crime of robbery in Illinois has an element the use of force.").. Gordon has now filed the present § 2241 before this Court.


## HABEAS PETITION

Gordon argues that under *Johnson*, 576 U.S.___, 135 S.Ct. 2551, and *Welch v. United States*, ___ U.S.___, 136 S.Ct. 1257 (Apr. 18, 2016), his sentence is unconstitutional because the ACCA's residual clause was found to be unconstitutionally vague, and that holding was declared retroactive.  He also argues that his Petition is properly brought as a § 2241 because he sought relief under § 2255, but was denied leave to file a second or successive § 2255 petition. Gordon acknowledges the restrictions on subsequent § 2255s, but argues that he fits within the 'savings clause' of § 2255. In addition to these arguments, Gordon discusses at length his ongoing contention that his two robbery convictions should not have been counted as two distinct predicates for career offender purposes.


## DISCUSSION

Under the ACCA, a person convicted under 18 U.S.C. § 924(c)—such as Gordon—is subject to an increased sentence if he is convicted of a crime of violence, and during and in relation to that crime he carries or possesses a

firearm in furtherance of said crime.  *See* 18 U.S.C. § 924(c)(1)(A).  A "crime of violence" is defined as one that "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3).  Subclause A of the definition of a crime of violence is a mirror image of a portion of the "residual clause" of 18 U.S.C. § 924(e)(2)(B)—the portion of the ACCA found to be unconstitutional by *Johnson*. *See* 576 U.S. at ____, 135 S.Ct. at 2557; 18 U.S.C. §§ 924(c)(3)(A) and (e)(2)(B)(ii).

The Supreme Court held in *Johnson*, that, relative to the ACCA, imposition of an enhanced sentence under the so-called 'residual clause' of § 924(e)(2)(B) violates due process because the residual clause is unconstitutionally vague. Additionally, the Supreme Court has held that *Johnson* creates a new substantive rule of law that is applicable retroactively.  *Welch v. United States,*__ U.S. at ___, 136 S.Ct. at 1265, 1268.  In an unpublished and not binding decision, the Seventh Circuit has extended the *Johnson* rational regarding vagueness of § 924(e)(2)(B) to another portion of the ACCA—§ 924(c)—because the language of the two provisions is identical.  *See United States v. Ruiz* (7th Cir., CM/ECF, Case No. 16-1193 (Feb. 19, 2016)).  The Seventh Circuit has identified § 2255 as the appropriate procedural vehicle for *Johnson* based claims.  *See Price v. United States*, 795 F.3d 731, 732-35 (7th Cir. 2015) (authorizing a district court to

consider second or successive § 2255 motions seeking relief from an ACCA based sentence under *Johnson*).

Despite recent precedent in favor of reexamining sentences issued under the ACCA's residual clause (§ 924(e)(2)(B)) and other similarly worded clauses (§ 924(c)), Gordon's request for relief under § 2241 must fail for two reasons. First, the Supreme Court has declared the principle announced in *Johnson* to be a new substantive rule of law—thus it falls within the scope of § 2255 and its savings clause. *See Welch*, ___ U.S. at ___, 136 U.S. at 1265, 1268; *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (finding that § 2255 is only inadequate or ineffective if the petitioner relies on a new case of *statutory interpretation*, not a new case that announces a substantive rule of law). In order for Gordon to test his case under *Johnson* he would need to seek leave from the Seventh Circuit to file his petition as a § 2255, the proper mechanism for a claim relying upon a new rule of substantive law. *See Price*, 795 F.3d at 732-35. This necessity brings us to the second infirmity in Gordon's request—he already has sought permission from the Seventh Circuit to reexamine his case in light of *Johnson*.

The Seventh Circuit denied Gordon's timely request for leave to file a second § 2255 petition because it found that his sentence was not pronounced under the ACCA's residual clause, or any of its close progeny, such as § 924(c). Because Gordon's sentence was not reached by applying one of the provisions that has been found unconstitutional, the Seventh Circuit concluded that Gordon

could not make a *prima facie* showing that he would qualify for relief under § 2255. Gordon did not appeal the Seventh Circuit's denial to the Supreme Court. Nothing about the *Welch* decision, or any subsequent precedent, changes the Seventh Circuit's analysis.[1] Accordingly, this Court must DISMISS the Petition because the claim is not suitable for a § 2241 petition, the Court cannot recharacterize it as a § 2255, and, in any event, the Seventh Circuit has already examined this precise claim as a potential second or successive § 2255 and has denied it on the merits.

Additionally, as to Gordon's mention of the classification of his robbery offenses as two distinct offenses for career offender enhancement, this issue has already been fully litigated in his original § 2255 petition. Moreover, as the Seventh Circuit noted, nothing about *Johnson* or *Welch* applies to the issue of considering offenses jointly or separately for sentence enhancement purposes. Accordingly, Gordon's petition does not raise a valid argument on this premise.

## Disposition

To summarize, Gordon has not demonstrated that his claim properly fits within the scope of a § 2241 petition, and he has already been denied permission

---

[1] The Court is aware of the Seventh Circuit's most recent decisions regarding the career offender provisions of the sentencing guidelines. *See United States v. Hurlburt*, 2016 WL 4506717 (7th Cir. Aug. 29, 2016) (*en banc*); *United States v. McGuire*, 2016 WL 4527557 (7th Cir. Aug. 30, 2016). However, neither of those decisions invalidate the reasoning in *Price*, which dictates that a section 2255 petition is the appropriate procedural vehicle for any potential claims that may arise in relation to *Hurlburt* or *McGuire.* Thus, without passing on the merits of any potential claims, this Court notes that these recent decisions do not impact its disposition of *this* case at *this* procedural juncture.

from the Seventh Circuit for a second or successive § 2255 petition. Consistent with *Price*, Gordon's claim would have properly been brought as a second or successive § 2255 Petition. *Price*, 795 F.3d at 732-35. Accordingly, the Petition is summarily **DISMISSED** with prejudice. Because a § 2241 petition is not the appropriate procedural vehicle,

If Gordon wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Gordon plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Gordon does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Gordon to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 11th day of September, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2016.09.11
21:10:32 -05'00'

**United States District Judge**